United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALIK DAVIS,
Plaintiff,
v.
PEREZ PONTOTA, et al.,
Defendants.

Case No. 26-cv-08357-NW

**ORDER SCREENING AND DISMISSING COMPLAINT IN PART WITH LEAVE TO AMEND**

Plaintiff Gerald Eugene Davis, a state prisoner proceeding *pro se*, filed a civil rights lawsuit against several Salinas Valley State Prison correctional officers. *See* ECF No. 1. The Complaint[1] is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Complaint is **DISMISSED IN PART WITH LEAVE TO AMEND**.

## I. BACKGROUND

Davis raises claims against several Salinas Valley State Prison correctional officers, including Defendants Perez Pontoja, Rivera Salazar, C. Mares, G. Hernandez, Valladerez, U. Jimenez, A. Hidalgo, A. Hill, J. Ortega, and L. Bautista.[2] Davis seeks injunctive relief and monetary damages.

[1] Davis also filed a document titled "Amended Complaint," that purportedly corrects certain parts of the Complaint. *See* ECF No. 10. The document does not comply with Civil Local Rule 15-1, which states that "[u]nless the court orders otherwise, any party moving to file an amended pleading must . . . provid[e] the entire proposed pleading [. . . and] *may not incorporate any part of a prior pleading by reference*." The Court therefore will not consider the proposed amended pleading at this time. But because the Court is granting Davis leave to amend, Davis may incorporate any of the allegations and Defendants in his proposed amended complaint into a new amended complaint that addresses the deficiencies outlined in this order.

[2] Unless otherwise noted, all facts in this section are from the Complaint. *See* ECF No. 1.

### A. Alleged Enemy Concern

Davis asserts that days prior to September 25, 2025, he informed Defendant Hidalgo that his cellmate in Facility D threatened him with a weapon. Hidalgo interviewed Davis about his allegation. After officers searched Davis' cell, Davis was returned to Facility D.[3] Davis then filed a grievance against Hidalgo.

### B. Rehousing Incident

Davis alleges that on September 25, 2025, he was housed in D4 cell #131. He requested to be moved to a different cell due to an "electrical hazard" in front of the cell.[4] ECF No. 1 at 5. Defendant Jimenez was allegedly aware of Davis' request to be moved into another cell. Unspecified control staff agreed to look for another cell for Davis. Davis then notified Valladeres about an "enemy concern" that had occurred earlier that day. *Id.* Davis was interviewed by Mares, Perez Pontoja, and Rivera Salazar regarding Davis' alleged enemy concern. Davis told the officers that he was "targeted by several inmates affiliated with a STG gang and requested to be removed from facility D."[5] *Id.* at 8. The officers determined that Davis did not provide sufficient information about the alleged enemy concern.

After his interview, Davis was placed in restraints and escorted back to cell #131. Davis asserts that he was shoved toward the cell by unspecified officers. When Davis stopped walking toward the cell, Defendants Mares and Valladerez "slam[ed]" Davis onto the ground, jumped on top of him, and Mares twisted Davis' ankle. ECF No. 1 at 8. Valladerez reportedly lay on Davis' back. Defendant Hernandez "assisted Mares and Valladerez with this [battery]." *Id.* at 9. Davis states that Jimenez witnessed they events and failed to intervene. Davis contends he sustained injuries to his ankle, neck, lower extremities, and suffered an asthma attack during the incident.

---

[3] Davis does not explain whether the search yielded any results.

[4] Davis also alleges that unspecified correctional officers retaliated against him by failing to report the electrical hazard in front of cell #131 to their supervisors.

[5] STG likely refers to a "Security Threat Group," or prison gang. *See Johnson v. Ryan*, 55 F.4th 1167, 1203 (9th Cir. 2022) (Rakoff, concurring).

**C. Aftermath of Incident**

Davis states that following these Defendants' use of force, he was issued a rules violation report for battery of an officer and placed in restricted housing until December 4, 2025. On that date, Davis was interviewed by Defendant Hill regarding more alleged enemy concerns. After the interview, Hill sent Davis to the medical ward of Facility D, allegedly because the other prisoners had been moved out of the facility. In addition, Davis alleges that Defendants Perez Pontoja and Rivera Salazar "gave specific orders as supervising officials when a situation is caused for use of force," and "enforced improper training." ECF No. 1 at 6. Davis does not provide further details regarding the alleged improper training.

## II. LEGAL STANDARD

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to

relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corr. & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Actions in this context include when a defendant engages in the affirmative act, participates in another's affirmative act, or fails to perform a legally required act. *Leer*, 844 F.2d at 633.

**III. DISCUSSION**

**A. Excessive Force**

The Eighth Amendment bars prison officials from using excessive force against prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 5–6 (1992). Courts undertake a subjective inquiry as to whether the defendants acted with a sufficiently culpable state of mind, and an objective inquiry to determine whether "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id.* at 4.

> Five factors bear on the excessive force analysis in a typical Eighth Amendment claim: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response."

*Bearchild v. Cobban*, 947 F.3d 1130, 1141 (9th Cir. 2020) (citation modified).

Liberally construing Davis' allegations that Mares, Valladerez, and Hernandez used force against him while he was wearing restraints, Davis states cognizable claims of excessive force against them. Similarly, Davis states a cognizable Eighth Amendment claim against Jimenez. *See, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (holding that correctional officer had an obligation to intervene and stop other correctional officers from using excessive force against prisoner).



United States District Court
Northern District of California

**B. Failure to Protect**

The Eighth Amendment also requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials have a particular duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015). But the failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

**1. Electrical Hazard**

Davis' vague allegation that Defendant Jimenez and other unnamed officers were aware that there was an electrical hazard in front of cell #131 is insufficient to state a claim for failure to protect. For this claim to survive, Davis would need to provide significantly more information (e.g., where was the hazard and for how long, how serious was it, and who among the Defendants knew of the hazard and was subjectively aware of the excessive risk to prisoner safety yet failed to take reasonable steps to abate it). This claim is **DISMISSED WITH LEAVE TO AMEND** so Davis may address the deficiencies outlined above.

**2. Enemy Concerns**

Davis alleges that he notified Defendants about three enemy concerns. First, Davis allegedly notified Hidalgo that his cellmate threatened him with a weapon, causing officers to search Davis' cell. Davis also notified Mares, Perez Pontoja, and Rivera Salazar about an enemy concern that allegedly occurred on September 25, 2025. Additionally, Davis alleges that on December 4, 2025, he notified Hill about unspecified enemy concerns.

Davis alleged insufficient facts to state failure to protect claims against each of these Defendants. As to the incident with his cellmate, Davis must provide more information as to why Hidalgo's response to his complaint failed to abate an excessive risk to Davis' safety. As to the

September 25, 2025 incident, Davis must provide additional information as to what he means when he says he was "targeted" by fellow prisoners such that there was an excessive risk to his safety, as well as additional information about why Defendants Mares, Perez Pontoja, and Rivera Salazar's response to his complaint constituted deliberate indifference. ECF No. 1 at 8. Finally, as to the December 4, 2025 enemy concern, Davis must provide additional information about the nature of his enemy concern on that date, as well as facts showing that Hill's response to his complaint was inadequate to protect Davis' safety. These claims are **DISMISSED WITH LEAVE TO AMEND** so Davis may address the deficiencies outlined above.

**C. Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the prisoner's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted); *accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Filing grievances or complaining about staff misconduct is considered a protected First Amendment activity. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).

Here, Davis alleges that unspecified officers in Facility D retaliated against him by failing to notify their supervisors about the electrical hazard in front of his cell. The Court is unable to determine, as alleged, whether any retaliation occurred. For example, Davis must explain how his protected First Amendment activity led to adverse action by specific Defendants who were aware of that protected activity. The Court additionally notes that the Ninth Circuit recently explained that "shotgun pleadings," *i.e.*, pleadings that make allegations referring to defendants collectively and "leav[e] . . . [d]efendants, [and] the district court, . . . to decipher the details[,]" must be dismissed. *See Gibson v. City of Portland*, 165 F. 4th 1265, 1271 (9th Cir. 2026). This claim is therefore **DISMISSED WITH LEAVE TO AMEND** so Davis may address the deficiencies outlined above.

**D. Supervisory Claims**

As noted, Davis alleges that Perez Pontoja and Rivera Salazar "gave specific orders as supervising officials when a situation is caused for use of force," ECF No. 1 at 6, and enforced "improper" training.

There is no *respondeat superior* liability under Section 1983, *i.e.*, no liability under the theory simply because he supervises a person who has violated a plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To state a claim for relief under § 1983 against a supervisor defendant, a plaintiff must allege facts that would support a claim that (1) the supervisor defendant proximately caused the constitutional violation at issue; (2) the supervisor defendant failed to properly train or supervise personnel resulting in the alleged deprivation; (3) the alleged deprivation resulted from custom or policy for which the supervisor defendant was responsible; or (4) the supervisor defendant knew of the alleged misconduct and failed to act to prevent future misconduct. *See Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); *Taylor*, 880 F.2d at 1045. Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are insufficient to state a claim. *See Starr v. Baca*, 652 F.2d 1202, 1208 (9th Cir. 2011).

Although Davis' claims appear to be based on Perez Pontoja and Rivera Salazar's duties as trainers, Davis has failed to provide sufficient information to state claims against them. To the extent that Davis alleges that Perez Pontoja and Rivera Salazar gave "specific orders" for the use of force, Davis must clarify whether he is alleging they were present during the incident and provided their fellow Defendants with orders to use force or otherwise show that Perez Pontoja and Rivera Salazar trained the officers involved in such a way that it led to the constitutional violation at issue. These claims are therefore **DISMISSED** with leave to amend so Davis may attempt to address the deficiencies identified above if he has a legitimate basis to do so.

**IV. CONCLUSION**

The Court orders as follows:

1. Davis states cognizable claims of excessive force against Defendants Mares,

United States District Court
Northern District of California

Valladerez, Hernandez, and Jimenez.

2. The Complaint is otherwise **DISMISSED WITH LEAVE TO AMEND** as noted above.

3. Davis has been granted leave to amend. Any amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed. Davis must include the caption and civil case number used in this order and the words "Amended Complaint" on the first page. Because an amended complaint completely replaces the original, Jones must include all claims and allegations of fact to support his claims. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Davis is cautioned that he may not incorporate material from the prior complaint by reference. He must reallege all claims he wants to pursue within the body of his amended complaint.

4. Failure to file an amended complaint within the designated time will result in this action moving forward only as to the excessive force claims against Mares, Valladerez, Hernandez, and Jimenez.

5. It is Davis' responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk is requested to send a blank prisoner complaint form to Davis with his copy of this order.

**IT IS SO ORDERED.**

Dated: October 23, 2026

Noël Wise
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**INSTRUCTIONS FOR FILING A CIVIL RIGHTS COMPLAINT BY A PRISONER UNDER 42 U.S.C. § 1983**

---

## I. SCOPE OF 42 U.S.C. § 1983

You may file a civil rights action under 42 U.S.C. § 1983 to challenge federal constitutional or statutory violations by state actors which affect the conditions of your confinement.

A § 1983 action may not be used to challenge the length of your sentence or the validity of your conviction. Such claims must be addressed in a petition for a writ of habeas corpus, on the forms provided by the clerk. If you wish to challenge a state court sentence or conviction, ask for the packet titled *Instructions for Filing a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254.*

## II. FILING A § 1983ACTION

To file a § 1983 action, you must submit:

- an original, signed and completed complaint form; and
- a check or money order for $405, or an original, signed and completed Prisoner's Application to Proceed *In Forma Pauperis* (see more below).

When these forms are completed fully, provide these forms to the librarian for scanning if your facility participates in Prison Email Filing with this court; otherwise, mail the originals to: Clerk, U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

## III. FILING FEE

The fee for filing a § 1983 action is $405 ($350 filing fee plus $55 administrative fee), to be paid at the time of filing. If you are unable to pay the full fee when you file your complaint, you may petition the court to proceed *in forma pauperis*, using the forms provided by the clerk. Ask for the packet titled *Instructions for Filing an Application to Proceed* In Forma Pauperis *by a Prisoner under 28 U.S.C. §* 1915. Even if you are granted leave to proceed *in forma pauperis*, you must still pay the $350 filing fee (not the $55 administrative fee), but the filing fee will be paid in several installments.

You must complete the Prisoner's Application to Proceed *In Forma Pauperis* in its entirety and sign and declare under penalty of perjury that the facts stated therein are true and correct. Each plaintiff must submit his or her own Prisoner's *In Forma Pauperis* Application. You must use the Prisoner's *In Forma Pauperis* Application provided and not any other version.

## IV. COMPLAINT FORM

You must complete the complaint form in its entirety. All questions must be answered for your action to proceed. Your responses must be typewritten or legibly handwritten and you must sign

and declare under penalty of perjury that the facts stated in the complaint are true Under 42 U.S.C. § 1997e, you are required to exhaust available administrative remedies before filing a § 1983 action; you must indicate clearly in the space provided on the complaint form whether you have done so.

## V. MAGISTRATE JUDGE JURISDICTION

Magistrate judges are selected through a statutorily prescribed merit selection process and are appointed by the judges of this court. The court encourages parties to consent to magistrate judge jurisdiction as it may result in an earlier resolution of the matter; the rules and procedures used to decide your case will be the same regardless of whether a district judge or a magistrate judge decides your case. But you are free to decline magistrate judge jurisdiction and request that your case be decided by a district judge. Please indicate on the *Consent or Declination to Magistrate Judge Jurisdiction* form, provided by the clerk, whether you consent or decline to consent to magistrate judge jurisdiction.

## VI. AFTER YOUR COMPLAINT IS FILED

The clerk will assign a case number and judge to your complaint and mail you a copy of the first page, which will have the case number and judge's initials stamped on it. (If your prison participates in Prison Email Filing with this court, you will get a confirmation email from the court with this information.) Please retain this copy for your records and put the case number on any case-related document you send to the court. If your complaint is deficient in any way, the clerk may send you a notice that will require your response. If your case is assigned to a magistrate judge before you consented or declined to consent to magistrate judge jurisdiction, the clerk may send you a *Consent or Declination to Magistrate Judge Jurisdiction* form that will require your response. Please note that it isyour responsibility to inform the court in writing without delay if your address changes. You will be notified at the address the court has on record whenever the court issues an order. A failure to respond to notices or orders or a failure to update your address may result in the dismissal of your case.

## VII. REPEAT FILERS

If you are seeking leave to proceed *in forma pauperis* and, while incarcerated or detained, you filed § 1983 actions on three or more prior occasions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, you may not file a new § 1983 action unless you are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## VIII. INQUIRIES AND COPYING REQUESTS

Because of the large volume of cases filed in this court and limited court resources, the court will not answer inquiries concerning the status of your case or provide copies of documents, except at a charge of fifty cents ($0.50) per page. It is therefore recommended that you make and keep for your records a copy of every document you submit to the court.

Plaintiff's Name ______________________________

Prisoner No. ______________________________

Institution ______________________________

______________________________

______________________________

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ______________________________<br>*(Enter your full name)*<br><br>______________________________<br>______________________________<br>______________________________<br>______________________________<br>*Enter the full name(s) of all defendants in this action)* | Case No. ______________________________<br>*(Provided by the Clerk upon filing)*<br><br>**42 U.S.C § 1983** |

**I. Exhaustion of Administrative Remedies.**
*You must exhaust the remedies available at your institution before your claim(s) can go forward. The court will dismiss any unexhausted claims.*

**A.** Place of present confinement ______________________________

**B.** Is there a grievance procedure in this institution? ☐ **YES** ☐ **NO**

**C.** If so, did you present the facts in your complaint for review through the grievance procedure?
☐ **YES** ☐ **NO**

**D.** If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

1. Informal appeal: ______________________________

______________________________

______________________________

2. First formal level: ______________________________

______________________________

______________________________

3. Second formal level: ______________________________________________

______________________________________________

______________________________________________

4. Third formal level: ______________________________________________

______________________________________________

______________________________________________

**E.** Is the last level to which you appealed the highest level of appeal available to you?
☐ **YES** ☐ **NO**

**F.** If you did not present your claim for review through the grievance procedure, explain why.

______________________________________________

______________________________________________

______________________________________________

**II. PARTIES.**

**A.** If there are additional plaintiffs besides you, write their name(s) and present address(es).

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

**B.** For each defendant, provide full name, official position and place of employment.

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

**III. STATEMENT OF CLAIM.**

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

## IV. RELIEF.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: ______________________ ____________________________________

*Date* *Signature of Plaintiff*